WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Easter Seals, Inc., an Ohio corporation; Southwest Human Development, Incorporated, an Arizona corporation,<br><br>    Plaintiffs,<br><br>vs.<br><br>Life, Inc., an Arizona corporation; Michael T. Fitzgerald, an individual,<br><br>    Defendants. | No. CV-09-1506-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendants Life, Inc. and Michael T. Fitzgerald's ("Defendants") Motion for Leave to File Omitted Counterclaim ("Motion for Leave") (Doc. # 31). Plaintiffs Easter Seals, Inc. and Southwest Human Development, Inc. ("Plaintiffs") have filed a Response in Opposition to the Motion for Leave (Doc # 34) and Defendants have filed a Reply in Support of their Motion for Leave (Doc # 35). The Court now rules on the Motion.

**I. DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 15(a), Defendants request leave to file their omitted counterclaim. Plaintiffs argue that the Court should deny the Motion for Leave because the Court does not have jurisdiction over Defendants' counterclaim. Plaintiffs further argue that even if the Court finds that it does have jurisdiction over Defendants'

counterclaim, the Motion for Leave should be denied because the Motion is untimely and granting it will prejudice Plaintiffs. The Court must first determine whether it has jurisdiction over the proposed counterclaim.

**A. Jurisdiction**

The Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 & 1338 and 15 U.S.C. § 1121 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a). If Plaintiffs' claims and Defendants' counterclaim are so related "that they form part of the same case or controversy," the Court has supplemental jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1367(a). Plaintiffs argue that Defendants' counterclaim is not compulsory and that without independent grounds for federal question jurisdiction, the Court does not have jurisdiction over the counterclaim. Defendants respond that the counterclaim is compulsory because the facts necessary to prove it are based entirely on the facts necessary to prove the claims in Plaintiffs' Complaint.[1]

A compulsory counterclaim is any claim against an opposing party, that the pleader has at the time of service, if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." FED. R. CIV. P. 13(a). "To determine if claims arise

---

[1] Defendants also argue that the Court has diversity jurisdiction in this case pursuant to 28 U.S.C. § 1332. Diversity of citizenship exists only where there is complete diversity, that is, "where the citizenship of each plaintiff is different from that of each defendant." *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1043 (9th Cir. 2009); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 65 (1996). Defendants cite *Dolch v. United California Bank*, 702 F.2d 178 (9th Cir. 1983) to assert that diversity jurisdiction exists here. In *Dolch*, the Court determined that one of the defendants had the same interests as the plaintiff in the litigation at issue, so the Court "realigned" that defendant into a position as a plaintiff to the lawsuit. *Id.* at 181. The effect of this realignment was to destroy diversity jurisdiction. *Id.* at 182.

Here, Defendants have not provided any evidence that the parties should be realigned for purposes of jurisdiction. Further, it is unclear how such realignment would create diversity jurisdiction in this proceeding. Here, Plaintiff Southwest Human Development, Incorporated, Defendant Life, Inc., and Defendant Michael T. Fitzgerald are citizens of Arizona and Plaintiff Easter Seals, Inc. is a citizen of Ohio and Illinois. Since for diversity jurisdiction to exist, the citizenship of *each* plaintiff must be different from *each* defendant, no diversity jurisdiction exists here.

out of the same transaction or occurrence, courts in the Ninth Circuit consider whether 'the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all of the issues be resolved in one lawsuit.'" *Randall v. Nelson & Kennard*, No. CV-09-387-PHX-LOA, 2009 WL 2710141, at *3 (D. Ariz. Aug. 26, 2009) (quoting *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987)). To determine whether two claims are logically connected, courts should consider whether "the facts necessary to prove the two claims substantially overlap, and whether the collateral estoppel effect of the first action would preclude the claims from being brought in a later action." *Id.* (citing *Pochiro*, 827 F.2d at 1251).

In determining whether the Plaintiffs' claims substantially overlap with Defendants' proposed counterclaim, the Court must examine the claims at issue. Plaintiffs' Verified Complaint (Doc. # 1) contains three counts. Count I is asserted against all Defendants for trademark infringement in violation of 15 U.S.C. § 1114 and 15 U.S.C. § 1125. Counts II and III are asserted against Defendant Life, Inc. for Conversion and Accounting, respectively. Plaintiffs assert that the facts necessary to prove Defendants' proposed counterclaim do not substantially overlap with the facts necessary to prove Plaintiffs' trademark infringement claims. Plaintiffs do not address whether the facts necessary to prove Defendants' counterclaim substantially overlap with the facts necessary to prove Plaintiffs' Conversion and Accounting claims. Conversely, Defendants argue that their counterclaims are based, in whole or in part, on the same facts necessary to prove Plaintiffs' trademark infringement claims, and their counterclaims arise entirely out of the facts necessary to prove Plaintiffs' Conversion and Accounting claims. The Court agrees.

Plaintiffs' trademark infringement claims derive from Defendants' alleged unlawful use of Easter Seals trademarks, service marks and logos ("ES Marks"). Plaintiffs' Conversion claim is based on Defendant Life Inc.'s alleged conversion of trust distributions from the Rudolph Becwar Trust ("Becwar Trust") and the Eugenie B. Henning Trust ("Henning Trust") that Defendant Life, Inc. allegedly acquired through the unlawful use of

the ES Marks. Plaintiffs' Accounting claim is essentially that they are entitled to an accounting from Defendant Life, Inc. of charitable contributions, bequests, and distributions that were intended for Plaintiffs, but that Defendant allegedly obtained through the unlawful use of the ES Marks.

In their proposed counterclaim, Defendants assert a claim for Intentional Interference with Contractual Relationship and Business Expectancies arising from Plaintiffs' alleged interference with and diversion of funds from the Becwar Trust and the Henning Trust. Defendants' request for Declaratory Judgment asks the Court to declare Life, Inc. the correct legal entity to receive all distributions from the Becwar Trust and the Henning Trust.

A comparison of the allegations in the Complaint and the proposed counterclaim demonstrate that the facts needed to prove the claims substantially overlap. While Defendants' counterclaim includes additional information about the trusts and transactions at issue, it does not add any significant facts outside of the facts Plaintiffs allege in their own Complaint. This, in itself, demonstrates that the facts necessary to prove Plaintiffs' claims and Defendants' claims are substantially the same.

Because the facts necessary to prove Defendants' counterclaim substantially overlap with the facts necessary to prove Plaintiffs' claims, an adjudication of the claims in Plaintiffs' Complaint would have a collateral estoppel effect on Defendants' counterclaims in state court. *See Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960) (If a party fails to plead causes of action against his opponent that arise out of the same transaction or occurrence as the opponent's claim, that party will be "held to have waived them and is precluded by res judicata from ever suing upon them again."). Since the facts necessary to prove Plaintiffs' claims and Defendants' counterclaim substantially overlap and adjudication of Plaintiffs' claims would result in collateral estoppel of Defendants' claims in a later action, the Court finds that Defendants' counterclaims are logically connected to Plaintiffs' claims. Accordingly, Defendants' counterclaims are compulsory and the Court has jurisdiction over them pursuant to 28 U.S.C. § 1367(a).

### B. Motion for Leave to File the Omitted Counterclaim

Defendants move for leave to file their amended counterclaim pursuant to Federal Rule of Civil Procedure 15(a). While the decision to grant or deny a motion to amend is within the discretion of the district court, it is necessary for the Court to heed Rule 15(a)'s mandate that "leave to amend 'shall be freely given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal citation omitted). "In exercising its discretion with regard to the amendment of the pleadings, 'a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities.'" *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). This "'policy of favoring amendments to pleadings should be applied with extreme liberality.'" *Id.* (quoting *Webb*, 655 F.2d at 979).

A Court must consider the following factors in determining whether a motion to amend should be granted: (1) whether the pleading at issue has been previously amended, (2) futility of the amendment, (3) bad faith, (4) undue delay, and (5) prejudice to the opposing party. *Foman*, 371 U.S. at 182; *see also Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991); *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Generally, this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)). "Significantly, '[t]he party opposing amendments bears the burden of showing prejudice,' futility, or one of the other permissible reasons for denying a motion to amend." *Farina v. Compuware Corp.*, 256 F.Supp.2d 1033, 1060 (D. Ariz. 2003) (quoting *DCD Programs*, 833 F.2d at 187).

In this case, Defendants have not previously amended their Answer (Doc. # 17) and there is no showing of bad faith. Thus, the Court will consider whether the counterclaim is futile, whether there has been undue delay, and whether allowing the omitted counterclaim would prejudice the Plaintiffs.

1. <u>Futility</u>

A proposed amendment is futile when no set of facts can be proven under the amendment that would establish a valid and sufficient claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see also DCD Programs*, 833 F.2d at 186 (stating that an amendment should be liberally granted where from the underlying facts or circumstances, the moving party may be able to state a claim). Here, Defendants seek to amend their answer by 1) adding a counterclaim for intentional interference with contractual relationships and business expectancies and 2) seeking a declaratory judgment that declares Life, Inc. the correct legal entity to receive all distributions from the Becwar Trust and the Henning Trust.

To assert a valid claim for tortious interference with contractual relations/business expectancy, Defendants must prove: 1) existence of a valid contractual relationship or business expectancy; 2) knowledge of the relationship on the part of the interferor; 3) intentional interference inducing or causing a breach; 4) resultant damages to the party whose relationship has been disrupted; and 5) that the defendants acted improperly. *Safeway Ins. Co., Inc. v. Guerrero*, 106 P.3d 1020, 1025 (Ariz. 2005). Further, a "'declaratory judgment' is a 'binding adjudication that establishes the rights and other legal relations of the parties' where those rights are in doubt.'" *Burlington Ins. Co. v. Oceanic Design & Constr., Inc.,* 383 F.3d 940, 952 (9th Cir. 2004) (quoting BLACK'S LAW DICTIONARY 846 (7th ed.1999)). When considering whether to grant a declaratory judgment, the Court considers "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1124 (9th Cir. 2009) (internal citation omitted).

Here, the Defendants assert facts which could support a claim for tortious interference with contractual relations/business expectancy, as well as facts that could be considered in determining whether a declaratory judgment is appropriate. Accordingly, this Court cannot say, as a matter of law, that Defendants' counterclaim would be futile. Defendants should be

given an opportunity to test their claims on the merits, rather than have them cast aside on a technicality.

2. Timeliness

Defendants filed their original answer on August 17, 2009 and filed their Motion for Leave on December 8, 2009. Plaintiffs argue that this "nearly four month" delay is unreasonable and that Defendants were in possession of the information contained in their amendment at the time their original answer was filed. While it is necessary for a court to consider whether Defendants knew or should have known of the facts and theories raised by the answer, this consideration by itself is not dispositive in denying a motion to amend. *See Amerisourcebergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (stating that when considering undue delay, courts inquire as to whether the party "knew or should have known the facts and theories raised by the amendment in the original pleading."); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712–713 (9th Cir. 2001) (stating that "undue delay by itself is insufficient to justify denying a motion to amend.") (citing *Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir.1999)). Generally, a court should make a contemporaneous finding "of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment" when denying a motion to amend on reasons of timeliness. *DCD Programs*, 833 F.2d at 186–187; *see Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (stating that "it is the consideration of prejudice to the opposing party that carries the greatest weight."). Since there has been no showing of bad faith or futility, the burden is on the Plaintiffs to show that they will be prejudiced if the Motion for Leave is granted. *DCD Programs*, 833 F.2d at 187.

3. Prejudice

While Plaintiffs make a general assertion that "allowing Defendants to file a counterclaim at this time will prejudice Plaintiffs because of the delay," (Doc. # 34 at 2) Plaintiffs fail to state any reason why they will be prejudiced due to the delay. Further, Defendants' Motion for Leave was filed by the deadline in this Court's scheduling order. This case is still in the discovery stage, and both parties have admitted that at the time of the

1 | filing of Defendants' Motion for Leave, only minimal discovery had occurred. Accordingly,
2 | it is unclear how the delay, by itself, will prejudice Plaintiffs.

**II.    CONCLUSION**

Due to the policy behind Federal Rule of Civil Procedure 15(a) in favor of facilitating decisions on the merits and because Plaintiffs have not carried their burden of demonstrating how they will be prejudiced if the amendment is allowed, **IT IS ORDERED GRANTING** Defendants' Motion for Leave (Doc. #31). **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Counterclaim currently lodged as Exhibit 1 to Docket Number 31.

DATED this 10th day of March, 2010.

_____
James A. Teilborg
United States District Judge